## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACOB HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-1420-NJR |
| | ) | |
| | ) | |
| ST. CLAIR COUNTY JAIL and | ) | |
| NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jacob Houston, a detainee at St. Clair County Jail ("Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Houston provides a single sentence in his Complaint (Doc. 1) stating that his rights were violated and ignored because he was not able to sanitize himself (*Id.* at p. 6). This is not enough information to determine if Houston states a viable claim. Further, Houston

1

identifies St. Clair County Jail as a defendant, but the Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

If Houston wishes to proceed with his claims, he would need to file an Amended Complaint. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The Court reminds Houston that a successful Complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The Amended Complaint should identify who violated his constitutional rights by name, if known, and should include a description of how his rights were violated, which he has not done with his current Complaint. Additionally, any individual Houston intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the Amended Complaint. Houston identifies Nichols as a defendant but he is not listed in the caption of the Complaint nor is he included in the statement of the claim.

## Pending Motions

As to Houston's motion for counsel (Doc. 2), he states that he graduated high school but needs representation because he does not understand what he needs to do. Further, he has not identified any attempts to contact counsel on his own, only indicating that he lacks resources. Thus, the Court **DENIES** his motion for counsel. Should he

choose to move for recruitment of counsel at a later date, the Court directs Houston to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation.

## Disposition

For the reasons stated, Houston's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

Houston is **GRANTED** leave to file a "First Amended Complaint" on or before **January 11, 2022**. Should Houston fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Houston's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Houston must re-file any exhibits he wishes the Court to

consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Houston is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Houston is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 14, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**